UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HID GLOBAL CORP., | ) | CASE NO. 1:07 CV 1972 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| KEITH R. LEIGHTON, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon defendant's Motion to Compel the Production of Un-Redacted Versions of Certain Documents and Supplemental Responses to Certain Interrogatories (Doc. 45). This case arises out of a defendant's alleged breach of a confidentiality agreement entered into between the parties. For the reasons stated below, defendant's motion is GRANTED in PART and DENIED in PART.

**A.     Redacted Documents**

Plaintiff HID Global Corporation is the successor-in-interest to the Indala subsidiary of Motorola. Defendant Keith Leighton worked as a consultant to Indala for a five-week period in 1995. Defendant was hired to work on the development and manufacture of RFID security cards. In connection with the consulting engagement, defendant signed a contract requiring him to inform Motorola of any inventions developed by him during the engagement. He also agreed to assign all such inventions to Motorola. Plaintiff's Complaint charges that defendant breached this agreement when he applied for and received several United States patents relating to RFID technology. Defendant has since assigned his patents to a holding company. This holding company, Leighton Technologies, is currently involved in a patent infringement lawsuit with plaintiff in California. Plaintiff asserts that its contractual damages in the instant case include the attorneys' fees it has been required to expend in defending against the patent infringement charges in California.

Accordingly, defendant issued the following document request in the present case:

> Document Request No. 1: All documents and things constituting, concerning, referring or relating to Plaintiff's alleged damages attributed to the allegations set forth in Plaintiff's Complaint, including the method of calculation thereof.

In response, plaintiff produced redacted copies of its attorneys' bills. Defendant complains that the redactions preclude any assessment of the reasonableness of the fees incurred though he acknowledges that it is plaintiff's burden to prove this element of its damages claim.

Defendant moves to compel unredacted copies of the bills on the ground that plaintiff waived privilege when it put the attorneys' fees at issue. Plaintiff responds that courts generally do not find a waiver when the bills relate to ongoing litigation (the California litigation is

2

proceeding concurrently with the instant case and involves overlapping factual issues such as who actually made the inventions and when).

After careful consideration of the parties' positions, the Court finds that plaintiff has waived the attorney-client privilege and work product protection by placing its attorneys' fees at issue. The Court recognizes the difficulty plaintiff faces in disclosing its unredacted bills for the California litigation. However, plaintiff has chosen this course. If plaintiff were permitted to maintain privilege over the bills, defendant would have no way to challenge the reasonableness of the fees at trial. Plaintiff is hereby compelled to produce the unredacted bills in support of its damages claim.

**B.**     **Interrogatory Responses**

Another of the issues in the present case is the time plaintiff (or its predecessor-in-interest) first became aware of Leighton's patent applications and/or the resulting patents. One of defendant's affirmative defenses to the breach of contract claims is that plaintiff delayed too long in bringing suit. Defendant also seeks to ascertain what RFID technology was being used at Motorola in 1995. Presumably he wishes to use this information to show that what is claimed in his patents is different than that which he might have learned at Motorola. Defendant's Interrogatories Nos. 5, 6 and 10 seek to identify this information:

> Interrogatory No. 5:  Describe in detail all facts regarding or relating to the details of when, how, where, and in what manner Plaintiff first had notice of the Leighton Patents and the applications resulting therein, including, without limitation, a description of any and all communications by and between any of Mr. Leighton, Leighton Technologies and Plaintiff, and any of Plaintiff's predecessors-in-interest, including without limitation Motorola and Indala.
>
> Interrogatory No. 6:  Identify any and all persons that have knowledge of facts surrounding when, how, where, and in what

>manner Plaintiff first had notice of the Leighton Patents and the applications resulting therein, including, without limitation, persons who communicated, or knew of communications, directly or indirectly with Mr. Leighton regarding the Leighton Patents and the patent applications resulting therein.
>
>Interrogatory No. 10: Describe in detail the processes and methods of making Laminated Smart Card products used by Messrs. Kenneth Thompson, Jean-Marc Delbecq, Noel Eberhardt, Kiet Hunyh and Grace O'Malley, one (1) year prior to and one (1) year after Mr. Leighton's consulting engagement with Motorola, including the methods for making cards supplied to Microsoft Corporation by Motorola to fulfill agreements between Motorola and Mircosoft.

In response to Interrogatories No. 5 and 6, plaintiff stated that it first "had notice" of the patents through correspondence from Leighton himself in August 2003. Plaintiff also produced documents reflecting the communications between Leighton and plaintiff. Defendant complains that this response is contrary to other information gathered during discovery or known to Leighton. For example, Leighton indicates that he informed Motorola of one of his patents as early as 1997. He also states that a former employee of Motorola testified at deposition that he knew of the patents at an earlier date.

Plaintiff responds that it is not required to disclose when it first knew of the patents and/or applications. Plaintiff's position is that the interrogatory only asks when plaintiff was affirmatively given notice. Plaintiff also argues that Motorola was never aware of *all of* the patents *and* applications. These arguments are without merit. While the interrogatories may not have been drafted with the precision plaintiff desires, plaintiff's arguments go too far in parsing the relevant language of the requests. Defendant is clearly trying to ascertain whether or not plaintiff knew of at least one of his patents or applications at an earlier time as knowledge of any one of the relevant patents or applications would trigger a breach of contract claim. Plaintiff's

interpretation would limit the requests to when defendant informed HID of all of his patents and/or applications.  Defendant, of course, possesses this information already.  The discovery is clearly aimed at eliciting more.

Plaintiff's final argument must be rejected as well.  Plaintiff asserts that it is not required to disclose when *Motorola or Indala* first knew of any one of the patents and/or applications.  Plaintiff fails to provide any legal support for this contention.  If plaintiff is the successor-in-interest to the contract between defendant and Motorola and, as a result, the successor-in-interest to any breach of contract claim, the date when Motorola first knew of Leighton's patent applications and/or patents is relevant.  Such evidence would tend to support defendant's affirmative defenses of laches, estoppel and waiver.  Plaintiff has not convinced the Court that this material is not discoverable.  Accordingly, plaintiff is hereby compelled to further respond to Interrogatory No. 5 to describe when and how plaintiff, Motorola *or* Indala first became aware of any of the Leighton Patents (as that term is defined in the discovery requests) or any of the applications that led to the Leighton Patents.  Plaintiff is also compelled to further respond to Interrogatory No. 6 to identify the persons who have knowledge of the information sought in Interrogatory No. 5.

In response to Interrogatory No. 10, plaintiff produced documents and the named individuals were deposed.  Plaintiff now states that it has nothing left to produce.  Defendant complains that he cannot be certain that he has received "all of the relevant and responsive information."  However, he provides no indication that plaintiff's response has been less than complete.  There is, then, nothing for the Court to compel.

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Compel is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/20/09