**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HID GLOBAL CORP.,** | ) | **CASE NO. 07 CV 1972** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **KEITH R. LEIGHTON,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon defendant's Motion for Summary Judgment based on the Statute of Limitations (Doc. 62). This case arises out of defendant's former employment with plaintiff's predecessor-in-interest and his alleged breach of a confidentiality agreement entered into between the parties. For the reasons that follow, defendant's Motion for Summary Judgment is DENIED.

**FACTS**

Only those facts necessary to a resolution of the pending motion are presented here. Plaintiff HID Global Corporation ("HID") brings this action as successor-in-interest to Indala Corporation, a subsidiary of Motorola, Inc.[1]  Claims are brought against defendant Keith R. Leighton ("Leighton") for breach of contract.

In 1995, Indala was in the business of developing access control cards (or, "RFID cards") for the security industry.  In 1995, Indala and Leighton entered into a consulting agreement by which Leighton was to develop a lamination process to manufacture RFID cards.  The agreement was memorialized by a purchase order from Indala for Leighton's services.

Indala and Leighton also entered into a Confidentiality Agreement, which is at the heart of this suit.  In entering into the Confidentiality Agreement, Leighton agreed to inform Indala of any inventions made during his engagement, to assign any patents on those inventions to Indala and to refrain from disclosing any confidential information learned during the engagement.  The engagement lasted for only several weeks in 1995.

In July 1995, shortly after his consulting engagement ended with Indala, Leighton allegedly began contacting potential employers, touting his "innovations" in RFID technology and providing samples that he created while consulting for Indala.  Leighton also applied for and obtained several patents in his own name relating to a lamination process for the manufacturing of RFID cards.  Plaintiff HID acquired Indala in 2001.  Plaintiff filed suit in

---

[1] For clarity, both Indala and Motorola will simply be referred to as "Indala" in this Opinion.

July 2007.

The complaint contains four claims for relief. Count One alleges a breach of the Confidentiality Agreement by Leighton's failure to notify Indala of the inventions made during his engagement. Count Two alleges a breach of the Confidentiality Agreement by Leighton's failure to assign to Indala all interest in those inventions. Count Three alleges a breach of the Confidentiality Agreement by Leighton's failure to keep Indala's information confidential and refrain from disclosing such information to third parties. Count Four alleges unjust enrichment as a result of Leighton's improper retention of Indala's assets and property rights and commercial exploitation thereof. Count Four has since been withdrawn by plaintiff. Def. Mot. S.J. at 4, n2.[2]

Defendant now moves for summary judgment on statute of limitations grounds. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings,

---

[2] It appears that plaintiff has also withdrawn its claim for money damages. Def. Reply at 1-2. Plaintiff HID merely seeks a finding that Leighton has a duty to assign his patents to it.

3

> depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  A fact is material only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 255); *see also United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  When the non-moving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "The mere existence of a scintilla of evidence to support plaintiff's

4

position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 252). Moreover, if the evidence is "merely colorable" or is not "significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

## **DISCUSSION**

Defendant argues that plaintiff's claims are barred by the statute of limitations. Resolution of this question depends first on a determination as to whether Ohio's newly enacted "borrowing statute" may be applied to bar plaintiff's claims. Defendant argues that under the borrowing statute, plaintiff's claims "accrued" in California and this Court must apply California's four-year statute of limitations to bar the claims. Plaintiff argues that, because the borrowing statute was enacted after plaintiff's claims accrued, application of the statute is unconstitutional. Plaintiff argues for application of Ohio's 15-year statute of limitations. If the borrowing statute does not apply, defendant argues that California law still applies pursuant to Section 142 of the Restatement (Second) of the Law, Conflict of Laws. Plaintiff submits that Ohio would not apply the Restatement to decide which state's limitations period applies.

When a federal court sits in diversity, it applies the choice of law rules for the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Ohio, the law of the forum applies to procedural matters. *E.g., Lyons v. Lyons*, 208 N.E.2d 533, 535 (Ohio 1965) (overruled in part on other grounds). In Ohio, statutes of limitations are considered procedural for this purpose. *See Gregory v. Flowers*, 290 N.E.2d 181, 186 (Ohio 1972). Therefore, in Ohio, courts will normally apply Ohio's own statutes of limitations. *E.g., Metz*

*v. Unizan Bank*, 416 F.Supp.2d 568 (N.D. Ohio 2006). However, in certain circumstances, if the cause of action accrued elsewhere, an Ohio court may apply the statute of limitations from that state under Ohio's "borrowing statute."

> Ohio's borrowing statute provides in relevant part:
>
>> No civil action that is based upon a cause of action *that accrued in any other state*, territory, district, or foreign jurisdiction may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state, territory, district, or foreign jurisdiction has expired or the period of limitation that applies to that action under the laws of this state has expired.

Ohio Rev. Code § 2305.03(B) (emphasis added).

The Court turns first to plaintiff's argument that application of the borrowing statute in this case would unconstitutionally cut-off plaintiff's right to recover.

**A.     Can the Borrowing Statute be Applied to Plaintiff's Claims?**

Ohio's borrowing statute became effective on April 7, 2005. Defendant's alleged breaches first occurred in 1995. Plaintiff argues that to apply the borrowing statute to claims that arose before the statute was enacted would be an unconstitutional retroactive application of the law. *See, e.g., Van Fossen v. Babcock & Wilcox Co.*, 522 N.E.2d 489 (Ohio 1988) (substantive law may not be applied retroactively; outlining two-part test to determine if law is constitutional).

Defendant - correctly - argues that concerns about retroactivity are irrelevant to procedural matters. *E.g., French v. Dwiggins*, 458 N.E.2d 827 (Ohio 1984) (amended wrongful death statute expanding right to recover is remedial and, thus, not unconstitutional). If a lawsuit is filed after a new procedural or remedial rule goes into effect, that new rule will

6

be applied to all suits initiated after the rule was enacted. *Id.* However, the Ohio courts have long held that statutes of limitations are considered substantive for purposes of a retroactivity analysis when they serve to eliminate a plaintiff's right to bring it's claims. *Gregory v. Flowers*, 290 N.E.2d 181, 187 (Ohio 1972) ("the reasons that once existed for ignoring the very substantive effects of retroactively applying some statutes of limitations have long since vanished") (holding that retroactive application of a statute of limitations that served to eliminate plaintiff's substantive right to bring a claim was unconstitutional).

Defendant points only to a single unreported district court case that determined otherwise. *Eberly v. Optimum Nutrition, Inc.*, 2007 WL 2034279 (N.D. Ohio Jul. 10, 2007) (Katz, J.) (claims accrued in 2003; suit filed in 2006; applied borrowing statute to invoke Florida's statute of limitations; all parties appear to have agreed that Florida's statute of limitations was to be applied). The *Eberly* court performed no analysis as to the appropriateness of applying the borrowing statute. The court considered only whether Florida's statute had been tolled by certain of defendant's actions. *Eberly* is not controlling, and the law cited by plaintiff and revealed by this Court's own research demonstrates that *Eberly* is against the weight of authority.[3]

In *Groch v. General Motors Corp.*, 883 N.E.2d 377 (Ohio 2008), the Ohio Supreme Court undertook a very thorough analysis of a newly enacted statute of repose to determine whether or not it could be applied to bar plaintiff's claim, which had accrued before the

---

[3]

> Defendant's reliance on cases unrelated to statutes of limitations and on cases from other states and circuits is equally unavailing. There is sufficient authority from the Ohio courts, as will be discussed below, that the Court need not stray from the question presented in search of law to apply.

statute was enacted. A two-part test is applied to determine whether a statute is retroactively unconstitutional. First, the court must decide whether or not the Ohio General Assembly intended for the statute to apply retroactively. *Id.* at 408 (citing *Van Fossen v. Babcock & Wilcox Co.*, 522 N.E.2d 489 (Ohio 1988)). If the legislature expressed an intent that the law apply retroactively, the court is then tasked with deciding whether the statute violates Section 28, Article II of the Ohio Constitution (prohibiting retroactive application of the laws). *Id.* A law violates the Ohio Constitution if it is substantive rather than merely procedural or remedial. A statute is considered substantive if it "impairs or takes away vested rights" or "affects an accrued substantive right" among other things. *Id.*

The *Groch* court went on to hold that the newly enacted statute of repose operated as "a true statute of limitations that restricts the time for filing a cause of action that has validly accrued" because, in the particular facts of the *Groch* case, plaintiff's claim had already accrued by the time the new law was enacted. *Groch*, 883 N.E.2d at 408. The court then held that "once vested, such a cause of action clearly becomes a substantive right for purposes of Section 28, Article II [of the Ohio Constitution]." *Id.* at 409.

If a new statute of limitations or statute of repose completely bars a claim that accrued before the law was enacted, it is unconstitutional even if the suit was not brought until after the statute became law. *Gregory v. Flowers*, 290 N.E.2d 181 (Ohio 1972) (retroactive application of a statute of limitations which operates to destroy an accrued substantive right is unconstitutional). Further, such a new statute may only shorten the period of time in which plaintiff may bring his claim if plaintiff is "still afforded a reasonable time in which to enforce his right." *Groch*, 883 N.E.2d at 409; *see also Baird v. Loeffler*, 433 N.E.2d 194 (Ohio 1982)

8

(statute of repose); *Cook v. Matvejs*, 383 N.E.2d 601 (Ohio 1978); *Gregory*, 290 N.E.2d 181 (Ohio 1972).  The *Groch* court held that the statute of repose at issue was unconstitutionally retroactive because it affected "an accrued substantive right by providing an unreasonably short period of time in which to file suit for certain plaintiffs whose injuries occurred before the [new law] became effective, and whose causes of action therefore accrued for purposes of [the new law]."  *Id.* at 410.

The same analysis must be applied here.  This Court looks first at the General Assembly's intent.  Here, there is no indication - and defendant does not argue - that the General Assembly intended for the new borrowing statute to be applied retroactively.  This ends the inquiry.  *Van Fossen*, 522 N.E.2d at 495.  Even if the legislature did express such an intent, the borrowing statute may not be applied to bar plaintiff's claims under the reasoning of *Groch*, *Baird*, *Cook* and *Gregory*.  *See Ormond v. Anthem, Inc.*, 2008 WL 906157 (S.D. Ind. Mar. 31, 2008) (stating in footnote that Ohio's new borrowing statute could not be applied because claims accrued before statute was enacted).  Other courts have reached the same conclusion as to different Ohio statutes of limitations.  *Kovacic v. City of Eastlake*, 2006 WL 3833872 (Ohio Ct. App. Dec. 29, 2006) (newly enacted statute of limitations could not apply to cause of action accruing before the statute became law where complaint was filed after; no legislative intent that law was to apply retroactively); *Novak v. CDT Dev. Corp.*, 2004 WL 1119626 (Ohio Ct. App. May 20, 2004) (same); *Geraldo v. First Dominion Mutual Life Ins.*, 2002 WL 31002770 (Ohio Ct. App. Sept. 6, 2002) (same).

This Court concludes that it would be unconstitutional to apply Ohio's borrowing statute in the present case.  Therefore, the Court will not address whether the action "accrued"

9

in California.

**B.     Applying Ohio's Procedural Choice of Law Rules**

Because the borrowing statute does not apply, this Court must look to Ohio's choice of law rules to determine which state's statute of limitations will apply.  There is some dispute as to what approach the Ohio courts would follow.  They may simply follow the traditional rule of *lex fori* and apply the statute of limitations of the forum.  Or, they may apply the Restatement of the Law (2d) Conflict of Laws ("Restatement"), § 142.  If Ohio courts would apply the Restatement, there is a debate as to whether they would apply the original version (published in 1971) or the amended version (published in 1988).

Ohio traditionally applied the procedural law of the forum (*lex fori*) in determining which statute of limitations to apply.  *Ellis v. Garwood*, 152 N.E.2d 100, 103 (Ohio 1958) (overruled on other grounds); *see also McDougall v. Glenn Cartage Co.*, 160 N.E.2d 266 (Ohio 1959) (matters of procedure, including rules of evidence, controlled by rules of forum).  Thus, Ohio courts consistently (in the absence of a borrowing statute) simply apply Ohio statutes of limitations regardless of the substantive law that applies.  *E.g., Metz*, 416 F.Supp.2d 568 (N.D. Ohio 2006).  No higher Ohio court has ever stated that the Restatement is to be applied to deciding whether another state's statute of limitations applies to a case brought in an Ohio court.  In fact, the Ohio Supreme Court has explicitly stated otherwise. *Lewis v. Steinreich*, 652 N.E.2d 981 (Ohio 1995) (stating, even though the Ohio Supreme Court adopted the Restatement to answer questions of substantive choice of law, that Ohio procedural law still applies); *see also Resner v. Owners Ins. Co.*, 2002 WL 236970 (Ohio Ct. App. Feb. 14, 2002) (Ohio Supreme Court has not adopted Section 142; Ohio common law

must apply; Ohio statute of limitations will be applied).

The Sixth Circuit declined to reach the question:

> There is then a slight tension between the approach of the Second Restatement and the Ohio common law on the issue of statutes of limitations in tort cases. Although in *Morgan* the Ohio Supreme Court expressly adopted the Second Restatement, *Morgan* dealt exclusively with a choice of conflicting substantive law. ... [W]e think it best to leave this wrinkle [whether Ohio courts would adopt the Restatement as to the procedural question of which statute of limitations to apply] to the Ohio courts to iron out.

*Phelps v. McClellan*, 30 F.3d 658 (6th Cir. 1994).[4]

Defendant relies on a single recent decision by a district court that has suggested that the Ohio Supreme Court would adopt Section 142 if presented with the question. *Curl v. Greenlee Textron, Inc.*, 404 F.Supp.2d 1001 (S.D. Ohio 2005). The *Curl* court acknowledged that "before the 1980s" Ohio courts would have applied Ohio's statute of limitations. The court, however, reflected that this rule has "fallen out of favor" to be replaced by a "national trend [to apply] a more flexible case-by-case approach."[5] The Court finds that *Curl* is contrary to *Lewis*, *Resner* and *Phelps*. The Court will not follow *Curl*. This Court finds that

---

[4]

> *But see Cole v. Mileti*, 133 F.3d 433 (6th Cir. 1998) (applying Section 142). *Cole* relied on *Morgan v. Biro*, 474 N.E.2d 981 (Ohio 1984), which held only that the Restatement would be applied to substantive choice of law questions in tort actions. *See Lewis v. Steinreich*, 652 N.E.2d 981 (Ohio 1995). *Cole* provided no explanation as to why *Morgan's* holding should apply to statutes of limitations. *Cole* also failed to distinguish - or even discuss - *Phelps*.

[5]

> In *Ormond*, 2008 WL 906157 (S.D. Ind. Mar. 31, 2008), the court assumed that Ohio courts would apply Section 142, because all parties agreed that would be the case. The court did not undertake to analyze the issue.

11

the Ohio courts would not apply the Restatement to perform a choice of law analysis as to statutes of limitations.  Ohio courts simply apply Ohio's statutes of limitations.

In sum, the Ohio 15-year statute of limitations applies.  Plaintiff's breach of contract claims are not time-barred.

**CONCLUSION**

Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/30/09